VILLAGE OF DEPOSIT, PLAINTIFF, *v.* ALVIN DEVEREUX, AS SUPERVISOR OF THE TOWN OF SANFORD, BROOME COUNTY, DEFENDANT.

*Legislative acts — special and general — construction of — Chap 444 of 1874 — village of Deposit — chap. 330 of 1873.*

That provision of the charter of the village of Deposit which provides for the payment of all sums received for licenses into the treasury of the village, is not repealed by chapter 444 of 1874, creating boards of excise for the several counties of the State.

CONTROVERSY submitted without action, under section 372 of the Code.

At the annual town meeting of the town of Sanford in 1875,

three commissioners of excise were elected. They granted certain licenses to persons within that part of the village of Deposit which lies within the town of Sanford, and received therefor $340. This money they paid to the defendant, the supervisor of that town, on the first day of March, 1876.

The plaintiff claimed this sum under a provision contained in its amended charter, chapter 320 of 1873, which provides that all sums received for licenses should be paid into the treasury of the village, and made a demand therefor of the defendant, who refused to pay it over, on the ground that the provision requiring him so to do was repealed by chapter 444 of 1874. It has not been disposed of by the town board of that town.

*Alex. Cumming* and *T. & A. More,* for the plaintiff.

*B. N. Loomis,* for the defendant.

LEARNED, P. J. :

In the case of the *Village of Deposit* v. *Vail* (12 S. C. N. Y., 310), this court held that the provisions of the charter of this village (Sess. Laws, 1873, chap. 330) touching excise matters, were not repealed, by implication, under the act of 1873, chapter 820. The present question is, whether those provisions are repealed by chapter 444 of the Session Laws of 1874, so far as relates to the disposition of the excise moneys.

The third section of this act is in these words : " Nothing in this act shall affect the provisions of any special act, so far as the same provides for any special disposition of excise moneys and fines." The village charter provides : " Sums received for licenses, and fines and penalties collected, shall be paid into the treasury for the use of the village." The village charter is a " special act." The clause cited, therefore, contains " a special disposition of the excise moneys and fines." The law of 1874 does not exempt *all* the provisions of any special act, but only those which provide for the disposition of the excise moneys and fines.

As to the composition of the board of excise it may therefore be that the provisions of the charter are superseded.

Considering this express provision of the Laws of 1874, and the general principle that a special act is not to be repealed by the

implied force of general laws, I think that the plaintiffs are entitled to the money. This view is in harmony, also, with the case of *Village of Gloversville* v. *Howell*, decided by this court and reported 7 Hun, 345.

Judgment must be entered for the plaintiff.

Present — LEARNED, P. J., BOCKES and BOARDMAN, JJ.

Judgment ordered for plaintiff.